CAROLINA MILLS, INC.; MURRAY KAUFMAN AND WIFE, MARY KAUFMAN; FRANK S. FINOCCHIO AND WIFE, CAROLYN B. FINOCCHIO; DEWEY W. BERRY, JR., AND WIFE, ALICE FAYE BERRY; RALPH L. BUMGARNER, JR., AND WIFE, DORIS BUMGARNER; DAVID R. JORDAN AND WIFE, HELEN JORDAN; ALLEN MYERS AND WIFE, BARBARA H. MYERS; D. R. WALKER AND WIFE, ANN WALKER; RON ELLIS AND WIFE, DIANA ELLIS; AND EDWARD HARMAN AND WIFE, PHYLLIS HARMAN v. CATAWBA COUNTY BOARD OF EDUCATION

No. 7525DC509

(Filed 19 November 1975)

Deeds § 20; Eminent Domain § 2; Schools § 6— purchase of land by school board — restrictive covenant limiting to residential use — injunction — damages for taking

A board of education which purchases property for a valid school purpose pursuant to G.S. 115-125 cannot be enjoined to comply with restrictive covenants requiring that the property be used exclusively for residential purposes, the appropriate remedy for other landowners protected by the covenant being an action to recover damages for the taking of their property rights.

Judge CLARK concurring.

APPEAL by plaintiffs from *Beach, Judge.* Judgment entered 24 April 1975 in District Court, CATAWBA County. Heard in the Court of Appeals 14 October 1975.

This appeal stems from an attempt by plaintiffs to enjoin the Catawba County Board of Education (hereinafter referred to as Board) from using land purchased pursuant to G.S. 115-125 in violation of restrictive covenants requiring that the land be used only for residential purposes.

Plaintiffs consist of the corporation which developed the Carolina Terraces Subdivision in Maiden, North Carolina, and of the owners of property within the subdivision. The subdivision lots are subject to covenants restricting the use of the property to, among other things, residential purposes. By stipulation in the deeds to the subdivision lots, the restrictive covenants are in effect for twenty years from the date of initial purchase. On 7 August 1972 Richard L. Wade purchased Lot Nos. 1, 2, 3, and 4 of Block "A" in the subdivision from Carolina Mills, Inc. These lots form a single tract which borders the site of the Maiden High School football stadium. On 27 September 1972 the Board purchased the Wade property subject to the

restrictive covenants mentioned above. In the spring of 1973 the Board initiated construction of tennis courts on the property to be used in Maiden High School's physical education program. Plaintiffs promptly brought an action to compel the Board by injunction to adhere to the covenants requiring that the land be used exclusively for residential purposes. Plaintiffs' action was dismissed by an order granting defendant's motion for summary judgment, and from this order plaintiffs appeal.

The following conclusions of law are incorporated in the presiding judge's final order:

" . . . [T]he restrictive covenants in the deed to the defendant are not enforceable against the Catawba County Board of Education inasmuch as it is a corporate body organized under the General Statutes of North Carolina with powers of Eminent Domain, and pursuant to the use of such powers the Board acquired Lots Nos. 1, 2, 3, and 4 of Block "A" of Carolina Terraces Subdivision by purchase to enlarge Maiden High School; and for this reason cannot be restrained in the use of said property as a school site.

"2. The sole remedy available against the Catawba County Board of Education is an action for damages involving the inverse condemnation of negative easements if the proposed school use of said property amounts in a constitutional sense to a taking; and damage to said negative easement or the plaintiff's incorporeal property rights."

*Cagle and Houck, by Joe N. Cagle, for the plaintiffs.*

*Sigmon and Sigmon, by W. Gene Sigmon, for the defendant.*

BROCK, Chief Judge.

This appeal presents the question of whether a board of education which purchases property for a valid school purpose pursuant to G.S. 115-125 can be enjoined to comply with restrictive covenants requiring that the property be used exclusively for residential purposes.

In *Raleigh v. Edwards,* 235 N.C. 671, 71 S.E. 2d 396 (1952), the City of Raleigh instituted condemnation proceedings to acquire a tract of land in a residential subdivision to serve as the site for an elevated water storage tank. The plaintiffs, adjoining property owners, brought an action to recover dam-

---

---

ages for the City's breach of restrictive covenants limiting the property to residential use. The Court held that the City's violation of the restrictive covenants constituted a taking of vested property interests for which the owners were entitled to compensation commensurate with any loss they sustained. Although the issue was not directly before the Court, it is clear that injunctive relief to enforce the covenants was not available to plaintiffs. *"It is true that such other landowners may not. enforce the restrictions against the condemnor,* but they are nonetheless entitled to an award of compensation 'where, through the exercise of the power of eminent domain, there is a taking or damaging of such property rights. . . . ' (citations omitted)" (emphasis supplied) *Raleigh v. Edwards, supra.* Indeed, the issuance of an injunction to compel a condemning authority to comply with restrictive covenants would defy the concept of eminent domain. By definition eminent domain represents the power of the state to acquire all private property rights for a public purpose, subject only to the requirement of fair compensation. This power, when exercised properly according to law, cannot be restricted by injunctive relief to enforce covenants binding on the condemned property. As a general rule the party whose property rights are damaged or taken by the condemning authority is entitled to an action to recover damages.

Plaintiffs attempt to distinguish the present case from *Raleigh v. Edwards* by focusing on the manner in which the property was acquired by the Board. Here, the Board acquired the property by purchase rather than by condemnation; as a result, plaintiffs argue that the Board is subject to the restrictive covenants as a private purchaser would be. This argument fails to grasp the full legal effect of the Board's action. Title to the property was purchased by the Board pursuant to G.S. 115-125, which authorizes the Board to acquire property for school sites and related school purposes by purchase, gift, and, if necessary, by condemnation:

> "§ 115-125. *Acquisition of sites.*—County and city boards of education may acquire suitable sites for schoolhouses or other school facilities either within or without the administrative unit; but no school may be operated by an administrative unit outside its own boundaries, although other school facilities such as repair shops, may be operated outside the boundaries of the administrative unit. Whenever any such board is unable to acquire or enlarge a suitable

---

Mills, Inc. v. Board of Education

---

site or right-of-way for a school, school building, school bus garage or for a parking area or access road suitable for school buses or for other school facilities by gift or purchase, condemnation proceedings to acquire same may be instituted by such board under the provisions of Article 2, Chapter 40 of the General Statutes, and the determination of the county or city board of education of the land necessary for such purposes shall be conclusive; provided that not more than a total of 50 acres shall be acquired by condemnation for any one site for a schoolhouse or other school facility as aforesaid. (citations omitted)."

The Board's power to purchase property under this section is tantamount to the power of eminent domain. To the extent that the Board's use violates and impairs the value of restrictive covenants running with the property, there is a taking whether the property is purchased or condemned, and the owners of the easements created by covenant are entitled to compensation. The appropriate remedy for plaintiffs in this case is an action to recover damages on the theory that the Board has taken their property rights. Injunctive relief to enforce plaintiffs' negative easements in the property acquired by the Board is not warranted on the basis of the illusory distinction between the authority to purchase and the authority to condemn prescribed by G.S. 115-125.

Plaintiffs' assignments of error are overruled, and the 24 April 1975 order is

Affirmed.

Judge HEDRICK concurs.

Judge CLARK concurring:

The power of eminent domain is founded on the law of necessity and is not to be exercised arbitrarily. In my opinion if the pleadings had properly raised the issue, the plaintiffs would have the right to a judicial determination of the legal authority and necessity for the taking of their vested interests and the right to an injunction pending this determination. But the complaint alleges that the intended use of the lots may become "an annoyance or nuisance to the neighborhood" and prays that defendant be restrained from violating the restrictive

covenants. Under these circumstances their remedy is compensation for the taking and not restraint of the defendant in the intended use of the property.